**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rene Orivel Sanchez, Petitioner, v. Therese Schroeder, et al., Respondents. | CIV 11-01237 PHX NVW (MEA) REPORT AND RECOMMENDATION |

**TO THE HONORABLE NEAL V. WAKE:**

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus on or about May 27, 2011.[1] Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 9) on August 10, 2011. Petitioner filed a reply to the answer to his petition on August 17, 2011. See Doc. 10.

**I Procedural History**

Petitioner is serving a "flat time" sentence of seven years imprisonment imposed in Maricopa County docket number CR 2006-006577. The sentence is being served concurrently with a three and one-half year sentence imposed in Maricopa County docket number CR 2004-133044.

---

[1] The petition is signed on May 27, 2011, but was marked as received by the United States District Court on June 23, 2011.

On November 22, 2004, a Maricopa County grand jury indicted Petitioner on one count of aggravated assault, classified as a Class 3 dangerous felony, and one count of assault, classified as a Class 1 misdemeanor. See Answer, Exh. A. The indictment charged Petitioner had used a handgun in the commission of the aggravated assault. See id., Exh. A. On December 23, 2004, the state amended the indictment to allege aggravating circumstances other than prior convictions, i.e., that the offenses implicated the infliction of serious physical injury and that Petitioner had used a handgun in the commission of the offenses. Id., Exh. B.

On April 11, 2005, pursuant to a written plea agreement, Petitioner agreed to enter a guilty plea to one count of aggravated assault as a Class 3 domestic violence felony. Id., Exh. C. In consideration for the guilty plea, the state dropped the allegation of dangerousness and dismissed the second count of the 2004 indictment. Id., Exh. C. The plea agreement noted the minimum, maximum, and presumptive sentences for this offense and clearly averred that the state and Petitioner had reached "NO AGREEMENTS" as to sentencing. Id., Exh. C.

On May 9, 2005, pursuant to Petitioner's guilty plea, the state trial court suspended the imposition of sentence and placed Petitioner on probation for a term of five years pursuant to his conviction for aggravated assault. Id., Exh. D. On January 31, 2006, the state court continued Petitioner on probation following resolution of allegations of a probation violation. Id., Exh. F.

On October 20, 2006, following a finding of violation of probation due to being found guilty on a new criminal charge, the state court revoked Petitioner's probation and sentenced Petitioner to a three and one-half year term of incarceration in CR 2004-133044. Id., Exh. H. The trial court credited Petitioner with 382 days of pre-sentence incarceration and ordered the sentence be served concurrently with a sentence imposed in CR 2006-006577. Petitioner received notice of his right of review after conviction. Id., Exh. I.

In a Maricopa County grand jury indictment in docket number CR 2006-006577, with regard to crimes alleged to have been committed on January 10, 2006, the state charged Petitioner with one count of possession of methamphetamine for sale, a Class 2 felony, possession of drug paraphernalia, a Class 6 felony, and misconduct involving weapons, a Class 4 felony. See id., Exh. J. The state amended the indictment to allege that the offenses were committed while Petitioner was released from confinement and aggravating circumstances other than prior convictions and the existence of prior felony convictions. Id., Exh. K.

On September 20, 2006, pursuant to a written plea agreement, Petitioner entered a guilty plea in Maricopa County docket number CR 2006-006577 to one count of possession of methamphetamine for sale, a Class 2 felony. Id., Exh. L. The state agreed to dismiss the charges of possession of drug paraphernalia and misconduct involving weapons, the allegation of a prior felony conviction, and the allegation that the crimes

1 were committed while Petitioner was on release from custody.
2 Id., Exh. L. The plea agreement notes that the presumptive
3 sentence for the crime was "10.0 calendar years," that the
4 minimum sentence was five "calendar years," and that the maximum
5 sentence was 15 "calender years." Id., Exh. L. The plea
6 agreement states that Petitioner would be sentenced "to the
7 Arizona Department of Corrections for a period of 7 yrs." Id.,
8 Exh. L.

9     On October 20, 2006, pursuant to his conviction for
10 dangerous drugs for sale in CR 2006-006577, the trial court
11 imposed a sentence of seven years incarceration. Id., Exh. M.
12 The trial court credited Petitioner with 283 days of
13 pre-sentence incarceration and ordered the seven-year sentence
14 be served concurrently with the three and one-half year sentence
15 imposed in CR 2004-133044. Petitioner received notice of his
16 right of review after conviction. Id., Exh. N.

17     More than two and a half years later, on August 4,
18 2009, Petitioner initiated an action for state post-conviction
19 relief pursuant to Rule 32, Arizona Rules of Criminal Procedure,
20 regarding his 2006 conviction and sentence. Id., Exh. O. In
21 his action for post-conviction relief Petitioner asserted that
22 on December 19, 2006, he received a time computation sheet
23 indicating he would receive good time credits and that, on May
24 11, 2009, he was notified that he was serving a sentence of
25 "flat time" or "calendar years." Id., Exh. O. Petitioner
26 alleged that, prior to entering his guilty plea in the 2006 case
27 his attorney encouraged him to sign the plea agreement, telling

1  Petitioner that he would not be sentenced to "flat time" but
2  would be "eligible for early release." Id., Exh. O.[2]

3  On November 20, 2009, the state court ruled that
4  Petitioner's post-conviction relief proceedings were untimely.
5  Id., Exh. P. The trial court concluded that Petitioner had not
6  established his Rule 32 action was timely because he had "newly
7  discovered evidence." Id., Exh. P.[3] The trial court determined
8  that Petitioner could have previously discovered the nature of
9  his sentence through due diligence. Id., Exh. P. Petitioner
10 filed a motion for rehearing of the trial court's denial of
11 relief, which was subsequently denied by the state court. Id.,
12 Exh. Q & Exh. R.

---

[2] The letter from counsel attached to Petitioner's state post-conviction pleadings also states that, pursuant to a new statute applicable to crimes committed after January 1, 2006, Petitioner's conviction on any charge of possession of methamphetamine for sale would result in a sentence which would not include eligibility for early release. See Answer, Exh. O at Exh. C.

[3] Rule 32.4(a) provides: "Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)." Rule 32.1 provides, *inter alia*:
> e. Newly discovered material acts probably exist
> and such facts probably would have changed the
> verdict or sentence. Newly discovered material
> facts exist if:
> (1) The newly discovered material facts were
> discovered after the trial.
> (2) The defendant exercised due diligence in
> securing the newly discovered material facts.
> (3) The newly discovered material facts are not
> merely cumulative or used solely for impeachment,
> unless the impeachment evidence substantially
> undermines testimony which was of critical
> significance at trial such that the evidence
> probably would have changed the verdict or
> sentence.

-5-

On January 11, 2010, Petitioner sought review of the trial court's decision denying relief, which request was denied by the Arizona Court of Appeals on May 5, 2011. Id., Exh. S & Exh. T. On August 30, 2010, Petitioner filed a second notice of post-conviction relief, and a declaration and a motion to modify his sentence. Id., Exh. U & Exh. V. The state court ruled that the proceedings were untimely. Id., Exh. V.

Petitioner filed a request for clarification and a motion for summary disposition. Id., Exh. Y & Exh. Z. On January 21, 2011, the state court ruled that the Petitioner's most recent claims were untimely, precluded, and not colorable. Id., Exh. AA. On January 20, 2011, Petitioner filed another notice of post-conviction relief. Id., Exh. BB. On February 8, 2011, the state court denied the pleading as moot. Id., Exh. CC.

In his federal habeas petition Petitioner asserts that he agreed to sign the plea agreement in the 2006 case because his lawyer assured him that he would not receive a "flat time" sentence. Petitioner summarily contends that his Fourteenth and Sixth Amendment rights were violated. Petitioner asks to have his plea agreement vacated or that the Court order the state to alter his sentence to allow Petitioner to be released prior to the expiration of the entire term imposed.

**II Analysis**

**A. Statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the

Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Holland v. Florida, 130 S. Ct. 2549, 2555 (2010); Lakey v. Hickman, 633 F.3d 782, 784 (9th Cir. 2011); Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005). The one-year statute of limitations begins to run when the petitioner's conviction becomes "final" pursuant to state law, i.e., at the conclusion of the petitioner's "of right" appeal of his convictions and sentences. See Summers v. Schriro, 481 F.3d 710, 714-15 (9th Cir. 2007).

On October 20, 2006, Petitioner was sentenced pursuant to his conviction for dangerous drugs for sale in CR 2006-006577. Because Petitioner waived his right to a direct appeal of his convictions and sentences in his written plea agreement, Petitioner's ability to seek relief pursuant to state post-conviction proceedings, i.e., Rule 32, Arizona Rules of Criminal Procedure, constituted Petitioner's "of right" appeal. In Arizona, post-conviction relief proceedings in a "Rule 32 of right proceeding" must be commenced within 90 days after the entry of judgment and sentence. See Ariz. R. Crim. P. 32.4(a). Therefore, Petitioner's state conviction became final and the statute of limitations began to run on Petitioner's federal habeas action on or about January 18, 2007, when the time expired for Petitioner to file a Rule 32 action regarding his conviction and sentence in the 2006 case. See Summers, 481 F.3d at 717. The one-year statute of limitations expired on or about

-7-

January 19, 2008, unless it was tolled by a properly filed state action for post-conviction relief. See, e.g. Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1158, 1160 (9th Cir. 1999).

Petitioner did not file any request for post-conviction relief from January 18, 2007, through January 19, 2008. Petitioner did not seek relief from his convictions and sentences until August 4, 2009, when Petitioner filed a notice of post-conviction relief. On November 20, 2009, the state court ruled that post-conviction relief proceedings were untimely. The action for post-conviction relief filed in 2009 could not re-start the statute of limitations on Petitioner's federal habeas petition which had expired in January of 2008. See Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing their petition on time. See Holland, 130 S. Ct. at 2560-62; Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005). See also Waldron-Ramsey v. Pacholke, 556 F.3d 1008,

-8-

1011-14 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009). In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." Bills, 628 F.3d at 1096-97.

Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction. See Lee v. Lampert, 653 F.3d 929, 932-33 (9th Cir. 2011).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000). Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010). It is Petitioner's burden to establish that equitable tolling is warranted in his case. See, e.g., Espinoza Matthews, 432 F.3d

at 1026; Gaston, 417 F.3d at 1034.

Petitioner does not assert he is actually innocent of the crime of conviction. Petitioner contends he did not know until May of 2009 that he had been sentenced to "flat time," and that, when agreeing to plead guilty, he relied on a 2006 letter from his counsel stating counsel's opinion that Petitioner would not be sentenced to a "flat time" sentence. Petitioner notes that, in 2011, his counsel admitted that he had "misrepresented" the penalties faced by Petitioner if he pled guilty. The Court notes counsel's letter to Petitioner not only "admits" that counsel erred with regard to stating that Petitioner would be eligible for good time credit, but counsel also explains to Petitioner that any remedy in now vacating the plea agreement would involve the revocation of the plea agreement, at which time Petitioner would be facing a minimum sentence of 9.25 years of flat time if convicted at trial.

Petitioner contends he is entitled to tolling of the statute of limitations because, after realizing in 2009 that he had been sentenced to "flat time," he sought post-conviction relief in the state courts. Although Petitioner's allegations do not establish that he is entitled to equitable tolling of the statute of limitations, his statements implicate a different starting date of the statute of limitations.

The applicable statute states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>         (A) the date on which the judgment became
>         final by the conclusion of direct review or
>         the expiration of the time for seeking such
>         review;
>         (B) the date on which the impediment to
>         filing an application created by State action
>         in violation of the Constitution or laws of
>         the United States is removed, if the
>         applicant was prevented from filing by such
>         State action;
>         (C) the date on which the constitutional
>         right asserted was initially recognized by
>         the Supreme Court, if the right has been
>         newly recognized by the Supreme Court and
>         made retroactively applicable to cases on
>         collateral review; or
>         *(D) the date on which the factual predicate
>         of the claim or claims presented could have
>         been discovered through the exercise of due
>         diligence.*

28 U.S.C. § 2241 (emphasis added).

Petitioner asserts that he did not know of the factual predicate for his federal habeas claim, i.e., that his sentence did not allow for the application of good time credits, until 2009. However, the applicable federal statute requires that, to allow for a later starting date for the running of the statute of limitations, the factual predicate for the habeas claim could not have been discovered by the petitioner through the exercise of due diligence. The objective standard in determining when time begins to run under section 2241(d)(1)(D) is when the prisoner knows, or through diligence could discover, the important facts, rather than when the prisoner recognizes the legal significance of the facts. See Redd v. McGrath, 343 F.3d 1077, 1083-84 (9th Cir. 2003); Hasan v. Galaza, 254 F.3d 1150, 1154-55 & n.3 (9th Cir. 2001); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000).

Petitioner could have, through the exercise of due diligence, learned that the sentence imposed was "flat time." The written plea agreement indicated that the minimum, maximum, and presumptive sentences of imprisonment which could be imposed for the crime was a term of "calendar years." The 2006 letter to Petitioner from his counsel correctly indicates that Petitioner's crime, committed very shortly after the law changed on January 1, 2006, required imposition of a "calendar year" sentence, notwithstanding the fact that the same letter indicated the plea agreement would provide that Petitioner would be eligible for good time credit. The computation provided to Petitioner in December of 2006 itself notes that some sentences are not eligible for the application of good-time credits. Accordingly, Petitioner is not entitled to the protections of section 2241(d)(1)(D).

**B. Alternative basis for denying relief**

Assuming that Petitioner can overcome the barrier of the statute of limitations and any argument that his claims are procedurally defaulted, the Court may deny habeas relief because Petitioner is not entitled to relief on the merits of his claim that he has been denied his right to due process of law and the effective assistance of counsel.

Petitioner summarily alleges his counsel was ineffective for advising him that Petitioner would receive a sentence where he would eligible for early release based on good time credits and that he would not have accepted the plea agreement if he was aware that he would be sentenced to "flat

-12-

time." The 2011 letter from counsel to Petitioner attached to Petitioner's reply to the answer to his habeas petition avers that counsel erred in so advising Petitioner because the law had recently changed and the law in effect at the time of Petitioner's crimes provided that only a "flat time" sentence could be imposed. See Doc. 10, Attach. Counsel indicates he does not remember if the trial court or anyone else informed Petitioner prior to sentencing in 2006 that any sentence imposed would be "flat time." Counsel notes that, if the plea agreement were vacated at this time, Petitioner would again stand charged of crimes which would result in a mandatory flat sentence.

Counsel's alleged error in advising Petitioner with regard to a "flat time" sentence does not state a claim for relief based on the ineffective assistance of counsel. The federal courts have generally concluded that an assertion that counsel misrepresented the potential sentence faced by the defendant in the context of a plea agreement does not generally comprise ineffective assistance of counsel in violation of the defendant's Sixth Amendment rights. See Weaver v. Palmateer, 455 F.3d 958, 968, 455 F.3d 958 (9th Cir. 2006). Compare Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007), with Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986) (holding "gross misrepresentation" of sentencing exposure may constitute ineffective assistance). "To establish a claim of ineffective assistance of counsel based on alleged erroneous advice regarding a guilty plea, a petitioner must demonstrate more than a 'mere inaccurate prediction.'" Sophanthavong v. Palmateer,

-13-

378 F.3d 859, 868 (9th Cir. 2004), quoting Iaea, 800 F.2d at 864-5. Defense counsel's alleged erroneous predictions as to the likely sentence following a guilty plea "are deficient only if they constitute 'gross mischaracterization of the likely outcome' of a plea bargain 'combined with ... erroneous advice on the probable effects of going to trial.'" Id., quoting United States v. Keller, 902 F.2d 1391, 1394 (9th Cir. 1990).

Additionally, although counsel can be deemed ineffective for failing to provide proper advice during the plea process, to be entitled to habeas relief Petitioner must come forth with objective evidence to show that, but for counsel's errors, he would not have accepted the plea offer and would have insisted on going to trial. See Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991); Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir.1991). Conclusory, after-the-fact statements that Petitioner would not have pled guilty do not meet this requirement. See Diaz, 930 F.2d at 835.

Neither has Petitioner stated a claim that his right to due process of law was violated by the imposition of a "flat time" sentence or the plea process. To establish this type of violation Petitioner must establish that the state court's imposition of a flat time sentence violated Arizona law and that the alleged violation was sufficiently egregious to deny him due process. See Aycox v. Lytle, 196 F.3d 1174, 1179-80 (10th Cir. 1999). "Moreover, the deprivation occasioned by the state's failure to follow its own law must be 'arbitrary in the constitutional sense'; that is, it must shock the judicial

-14-

conscience." Id. at 1180, citing Collins v. City of Harker Heights, Texas, 503 U.S. 115, 129-130, 112 S. Ct. 1061, 1070-71 (1992); Brooks v. Zimmerman, 712 F. Supp. 496, 498 (W.D. Pa. 1989) ("To receive review of what otherwise amounts to nothing more than an error of state law, a petitioner must argue 'not that it is wrong, but that it is so wrong, so surprising, that the error violates principles of due process'").

### III Conclusion

Petitioner's federal habeas action is not timely and Petitioner has not established that he is entitled to statutory or equitable tolling of the statute of limitations. Petitioner has also failed to articulate a cognizable claim that he was deprived of his federal constitutional rights because he allegedly understood at the time he pled guilty that he would be eligible for early release based on good conduct and that, in reality, he was subject to a mandatory "flat time" sentence.

**IT IS THEREFORE RECOMMENDED** that Mr. Sanchez' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to

-15-

file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 19th day of October, 2011.

_____
Mark E. Aspey
United States Magistrate Judge

-16-